NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JENNEL J. HENDERSON,** : | |
| : | **Civil Action No.: 11-3956 (ES)** |
| **Plaintiff,** : | |
| : | **OPINION** |
| : | |
| **CHASE/BANK ONE SERV,** : | |
| : | |
| **Defendant.** : | |
| : | |

**SALAS, District Judge**

## I.     Introduction

Before the Court is Defendant Chase/Bank One Serv's ("Defendant" or "Chase") unopposed Motion to Dismiss Plaintiff Jennel J. Henderson's ("Plaintiff" or "Henderson") Complaint for having failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry No. 5).  The Court has considered Defendant's submission in support of the instant motion, and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, the Court grants Defendant's motion to dismiss.

## II.    Factual Background and Procedural History

On or about June 13, 2011, Plaintiff filed a complaint in the Superior Court of New Jersey, Law Division, Special Civil Part—Union County.  (*See* Complaint attached as Ex. A to Docket Entry No. 1).  Plaintiff seeks damages resulting from Defendant's "dissement[ion] of . . . incorrect and false information . . . to credit reporting agencies . . . ."  (Compl. ¶ 10).

On July 11, 2011, Defendant removed Plaintiff's complaint to federal court.  (*See* Notice of Removal, Docket Entry No. 1).  Subsequently, on July 18, 2011, Chase filed the instant

motion seeking dismissal of Plaintiff's complaint for having failed to state a claim upon which relief can be granted. (*See* Def. Moving Br. at 2; *see also* Docket Entry No. 8 (finding that "Defendant's motion to dismiss shall be deemed to have been timely filed on July 18, 2011")).

Plaintiff failed to timely oppose Defendant's motion to dismiss. For that reason, this Court issued a Letter Order which provided, in relevant part: "Plaintiff Henderson *shall file* [an] opposition to the [Defendant's] motion to dismiss no later than August 29, 2011." (Docket Entry No. 8) (emphasis added). Plaintiff did not, however, file an opposition to Chase's motion to dismiss by August 29, 2011. To date, Plaintiff has not opposed Defendant's motion to date.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949.

"[I]f a complaint is subject to a Rule 12 (b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245; *see also Ray v. First Nat'l Bank of Omaha*, 413 F. App'x 427, 430 (3d Cir. 2011) ("A district court should not dismiss a *pro se* complaint without allowing the plaintiff an opportunity to amend his complaint unless an amendment would be inequitable or futile."). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally because [s]he is proceeding *pro se*."  *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).[1]

With this legal framework in mind, the Court next addresses Defendant's motion.

---

[1] As currently pleaded, it is unclear which "Act" Plaintiff seeks relief under. (*See* Compl. ¶ 7 ("Defendants [sic] . . . violated *the Act* as pled herein and as to be discovered, thus causing plaintiff [sic] special, general and punitive damages.")) (emphasis added).  In construing Plaintiff's complaint liberally, it appears that Plaintiff's claim is premised upon Chase's dissemination of Plaintiff's information—alleged to be incorrect and false—to credit reporting agencies.  Accordingly, the Court's analysis will focus on the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*, because "the [Fair Credit Reporting Act] generally requires [furnishers of information] to make sure the information they send to credit rating agencies about a consumer's behavior is correct . . . ." *Burrel v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 445 (D.N.J. 2010).

### III.  Analysis

The duties imposed on Chase as a "furnisher of information" are set forth in subsections (a) and (b) of 15 U.S.C. § 1681s-2.[2]  As discussed above, Plaintiff alleges that Chase disseminated incorrect and false information to credit reporting agencies which caused Plaintiff "special, general, and punitive damages."  (Compl. ¶¶ 9, 10).  Therefore, the issue before the Court is whether Plaintiff's complaint contains sufficient factual matter, accepted as true, which states a claim for relief that is plausible on its face.

To state a claim for relief under Section 1681s-2(b), a plaintiff must demonstrate three specific elements: "(1) [the consumer] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Paredes*, 2011 U.S. Dist. LEXIS 132600, at *18 (alteration in original) (internal citation and quotation marks omitted).  Unlike subsection (a), subsection (b) of Section 1681s-2 may serve as a foundation for a civil action where a furnisher of information receives notice from a credit

---

[2] The Court's analysis will focus on 15 U.S.C. § 1681s-2(b) because the law in the Third Circuit is clear: no private right of action exists under the provisions of Section 1681s-2(a).  *Huertas*, 641 F.3d at 34 (concluding that "[plaintiff] cannot base his claim on 15 U.S.C. § 1681s-2(a)(1)(A), because no private right of action exists under that provision.") (internal citation omitted); *Burrel v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 447 (D.N.J. 2010) (finding that plaintiff's "claims under subsection (a) of 15 U.S.C. § 1681s-2 fail because that portion of the FCRA does not provide a private right of action."); *Paredes v. Sallie Mae*, No. 11-2470, 2011 U.S. Dist. LEXIS 132600, at *16 (D.N.J. Nov. 16, 2011) (dismissing plaintiff's claim, in part, with prejudice because "plaintiff's allegations against Sallie Mae under Section 1681s-2(a) fail to state a claim upon which relief can be granted because the bar on private enforcement actions applies to the duties imposed on furnishers of credit information by [Section] 1681s-2(a)[.]"); *Ventura v. Collectcorp. Corp.*, No. 11-4576, 2011 U.S. Dist. LEXIS 113472, at *10 (D.N.J. Sept. 30, 2011) (dismissing plaintiff's claims under Section 1681s-2(a) with prejudice, on defendant's unopposed motion to dismiss pursuant to Rule 12(b)(6), "because subsection (a) of the FCRA does not provide a private right of action."); *DiMedio v. HSBC Bank*, No. 08-5521, 2009 U.S. Dist. LEXIS 52238, at *6 (D.N.J. June 22, 2009) (concluding that plaintiff "may not bring suit under Section [1681s-2](a) because there is no private right of action . . . for violations of [1681s-2](a)."); *Martinez v. Granite State Mgmt. & Res.*, No. 08-2769, 2008 U.S. Dist. LEXIS 94995, at *5 (D.N.J. Nov. 20, 2008) (finding that "[t]here is, . . . no private right of action under § 1681s-2(a)(3) for violations of § 1681n or § 1681o.").  Thus, even accepting Plaintiff's allegations as true and viewing them in the light most favorable to Plaintiff, Plaintiff's allegations against Chase fail to state a claim upon which relief can be granted in connection with any of Plaintiff's claims brought under Section 1681s-2(a).

reporting agency that a consumer has disputed information relating to his account. *See, e.g.*, *Cosmas v. Am. Express Centurion Bank*, No. 07-6099, 2010 U.S. Dist. LEXIS 58780, at *22 (D.N.J. June 14, 2010) ("Private rights of action are permitted for claims brought under section 1681s-2(b) where the furnisher has received notice of a dispute from a credit collection agency."); *Dimedio*, 2009 U.S. Dist. LEXIS 52238, at *7 (noting that Section 1681s-2(b) "may be the basis of a private suit" where the "furnisher of information receives notice" of the disputed information from the consumer reporting agency) (internal citation omitted).

In construing Plaintiff's complaint liberally, as this Court must, *Huertas*, 641 F.3d at 32, Plaintiff has failed to assert sufficient facts demonstrating an entitlement to relief. Although Plaintiff alleges that Chase "produced or created, or caused to be created, disseminated or published, or caused to be disseminated or published, incorrect and false information . . . to credit reporting agencies[,] namely Experian, Equifax, and Trans Union, causing plaintiff damages," (Compl. ¶ 10), Plaintiff has failed to allege facts consistent with the elements set forth in *Paredes*. Specifically, Plaintiff has failed to allege (1) that she sent a notice of the disputed information to a consumer reporting agency; (2) that the consumer reporting agency notified Chase of the dispute; and (3) that Chase failed to investigate and modify the inaccurate information.

Consequently, Plaintiff has failed to plead factual content that would allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Ashcroft*, 129 S. Ct. 1949. Therefore, Plaintiff has failed "to state a claim to relief that is plausible on its face." *Ibid.* (citation omitted).

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted.  Plaintiff shall have 30 days to file an amended complaint consistent with this Court's Opinion.  An appropriate Order shall follow.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**